OPINION
{¶ 1} Appellant Regan M. Bound appeals the decision of the Court of Common Pleas, Guernsey County, which denied his petitions for postconviction relief, following his conviction for passing bad checks and theft by deception. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On January 31, 2002, a Cambridge-area grocery store filed a police complaint, alleging they had received a bad check in the amount of $450 from an establishment operating under the name of "KoKo's Coffee House and Copy Center." Appellant owned KoKo's, a coffeehouse located in Cambridge. Following this initial complaint, detectives received another ten complaints for bad checks.
 {¶ 3} On February 14, 2002, a complaint was filed in the Cambridge Municipal Court pertaining to the aforesaid eleven checks. Prior to the presentation of the charges to the Guernsey County Grand Jury, appellant's counsel and the State attempted to resolve the matter. The state gave appellant until March 22, 2002, to satisfy the eleven bad checks.
 {¶ 4} Appellant soon thereafter satisfied seven of the eleven checks, but did not pay the remaining four checks by March 22, 2002. The remaining four checks involved two checks to Mr. Chris Cobb and two checks to Big Train Coffee Company ("Big Train"). The State thus proceeded to present this matter to the Guernsey County Grand Jury. In addition to Chris Cobb's and Big Train's complaints, the state also presented evidence regarding complaints filed by Business Equipment Company and Eric Schlosser.
 {¶ 5} The grand jury returned a three-count indictment. The indictment contained one count of passing bad checks and two counts of theft by deception. The case proceeded to a bench trial on December 26, 2002. At the close of appellant's case-in-chief, defense counsel successfully made a motion for judgment of acquittal as to one count of theft by deception. At the conclusion of the trial, the trial court found appellant guilty of counts one and three of the indictment. On January 31, 2003, the trial court sentenced appellant to a six-month term, on each count, to be served consecutively. In September 2003, appellant filed a delayed appeal, raising assignments of error pertaining to venue, alleged hearsay evidence, and manifest weight of the evidence. Upon review, we affirmed appellant's conviction. SeeState v. Bound, Guernsey App. No. 03-CA-21, 2004-Ohio-6530.
 {¶ 6} On March 4, 2004, approximately thirteen months after his sentencing, appellant filed a "Petition for Post-Conviction Relief Pursuant to Ohio Revised Code Section 2953.23" and a "Supplemental Memorandum for Contemporaneous (sic) Filed Petition of Post-Conviction and Motion for Leave to File." Appellant therein alleged ineffective assistance of trial counsel and also asserted a manifest weight claim.
 {¶ 7} On March 12, 2004, the State filed a motion to dismiss appellant's petition. On April 12, 2004, the court issued a judgment entry denying appellant's petition for postconviction relief and the supplemental memorandum/motion. The court therein concluded, inter alia, as follows:
 {¶ 8} "1) Defendant's pro se Petition for Post-Conviction Relief is hereby DENIED as not being timely filed and not meeting the statutory and procedural requirements of Ohio law.
 {¶ 9} "2) Defendant's pro se Supplemental Memorandum For Contemporaneous Filed Petition of Post-Conviction pursuant to Ohio Revised Code 2953.23 filed March 4, 2004, is hereby GRANTED in part and DENIED in part. The Court finds (pursuant to Section2953.23) that the Petition for a second or successive petition in this case should be filed due to the apparent confusion that has existed by the Defendant in obtaining the documents Defendant wished to rely upon. The Court finds (after review of the Petition) that many of the issues raised by the Defendant related to civil issue allegations and the Defendant's issues with the prosecution of this case. As such, they are not proper issues for post-conviction relief under Section 2953.23 or Section 2953.21. The Court (reviewing the pleadings before it) finds that many of the issues presented by the Defendant consist of questions of credibility — not denial of constitutional rights. Based upon the foregoing, the Court finds that the Petitioner/Defendant, Regan M. Bound, has not shown by clear and convincing evidence that (but for constitution error at trial), no reasonable fact finder would have found Petitioner guilty of the offenses of which Petitioner was convicted. Therefore, applying Ohio law, the second or successive petitions for post-conviction relief are DENIED." Judgment Entry at 2.
 {¶ 10} On May 11, 2004, appellant filed a pro se notice of appeal, and herein raises the following three Assignments of Error:
 {¶ 11} "I. The trial court erred by misconstruing petitioner's supplemental memorandum for contemporaneous filed petition of post-conviction and motion for leave to file as though it was a second or sucessive (sic) petition for post-conviction relief filed pursuant to ohio revised code section 2953.23. This is error for either of two reasons: (a) denies a meaningful opportunity to be heard and have a remidy (sic) by due course of law in violation of Article I, Section 16
of the Ohio Constitution. and (b) because it is an abuse of discretion.
 {¶ 12} "II. The trial court abused its discretion by finding petitioner had not met the statutory and procedural requirements of ohio law. And had not shown by clear and convincing evidence that but for the constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offenses of which petitioner was convicted in the second or successive petitions for post conviction relief. Thereby denying a remedial remediy (sic) provided by law, to have a hearing on the matter.
 {¶ 13} "III. The grounds for relief in the post-conviction petition, of ineffective assistance of counsel, and also, prosecutorial misconduct may not have been reviewed by the trial court on the merits in error; nevertheless, the trial court has been provided with the first opportunity to correct these constituional (sic) errors, of the Sixth, and Fourteenth Amendments to the Constitution of the United States, and ArticleI Section 10 of the Ohio Constitution and they are now ripe, and properly preserved for appellate review."
 I., II., III. {¶ 14} In his three Assignments of Error, appellant essentially contends that (1) the trial erred in treating his "supplemental memorandum," which was filed contemporaneously with his petition for postconviction relief, as a second or successive petition, and (2) the court erred in proceeding to deny said second petition. We disagree.
 {¶ 15} As an initial matter, although it is unclear from our reading of appellant's brief whether he is herein additionally challenging the trial court's denial of his first petition for postconviction relief (as opposed to the supplemental memorandum/second petition), we note the pertinent jurisdictional time requirements are set forth in R.C. 2953.21(A)(2) as follows:
 {¶ 16} "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 17} A defendant's filing of a delayed appeal does not extend the 180-day time limits for filing a petition for post-conviction relief. See, e.g., State v. Cobb, Cuyahoga App. No. 80265, 2002-Ohio-2138; State v. Bird (2000),138 Ohio App.3d 400. Therefore, based on the procedural facts of this case, we find no error in the denial of appellant's "first" postconviction petition of March 4, 2004.
 {¶ 18} In regard to appellant's supplemental memorandum/second petition of March 4, 2004, we note appellant therein set forth therein that he "believe[d] he has a right to bring pursuant to Ohio Revised Code Section 2953.23 under the Post-conviction Statute to bring this Post-conviction before [the trial] Court." As such, we find no error in the trial court's treatment of his supplemental memorandum as a second or successive postconviction petition.
 {¶ 19} We thus reach the issue of whether the court erred in dismissing the supplemental memorandum/second petition of March 4, 2004. In reviewing a trial court's denial of appellant's petition for postconviction relief, absent a showing of abuse of discretion, we will not overrule the trial court's finding if it is supported by competent and credible evidence. State v.Delgado (May 14, 1998), Cuyahoga App. No. 72288, citing Statev. Mitchell (1988), 53 Ohio App.3d 117, 559 N.E.2d 1370. The requirement for second or successive petitions pertinent to the case sub judice is detailed in R.C. 2953.23(A)(1)(b), as follows:
 {¶ 20} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 21} The aforementioned condition "imposes a strict limitation upon consideration of second and successive petitions for post-conviction relief, in recognition of the value of finality of judgment." State v. Johnson, Montgomery App. No. 19426, 2003-Ohio-1378, ¶ 10.
 {¶ 22} The gist of appellant's argument appears to be that constitutional error occurred at trial when his attorney allegedly failed to obtain and investigate certain bank records and allegedly failed to prove certain testimony by prosecution witnesses was false. Having reviewed appellant's lengthy petitions in the record and his pro se appellate brief, we are unpersuaded the court abused its discretion in concluding that appellant had failed to meet the requirements of R.C.2953.23(A)(1)(b), supra. "`Evidence presented outside the record must meet some threshold standard of cogency' to advance the petitioner's claim beyond mere hypothesis." State v. Brown
(Jan. 14, 2000), Lucas App. No.L-99-1251, quoting State v.Lawson (1995), 103 Ohio App.3d 307, 315, 659 N.E.2d 362
(citation omitted). Furthermore, appellant at certain points attempts to simply re-try the case, such as his assertion of his purported stay at a Genesis Health Care facility in January 2002, which allegedly would have prevented Chris Cobb's serving notice of dishonor of the bad checks. Appellant also argues that while he did write the checks in question, he was not personally responsible for distributing them. Appellant's Brief at 17. However, a claim of actual innocence does not constitute a substantive ground for postconviction relief. State v. Watson
(1998), 126 Ohio App.3d 316, 323.[1]
 {¶ 23} Accordingly, we find no error or abuse of discretion in the court's denial of appellant's postconviction motions and memoranda at issue. Appellant's First, Second, and Third Assignments of Error are overruled.
 {¶ 24} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Guernsey County, Ohio, is hereby affirmed.
Wise, J. Farmer, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed.
Costs assessed to appellant.
[1] We note the present version of R.C. 2953.23(A)(2) allows for certain DNA testingbased claims of actual innocence, which would not apply to the case sub judice.