OPINION
{¶ 1} On March 12, 2004, the Licking County Grand Jury indicted appellant, Roberto Argueta, on one count of rape in violation of R.C.2907.02 and one count of gross sexual imposition in violation of R.C.2907.05. Said charges arose from incidents involving the five year old son of appellant's girlfriend.
 {¶ 2} A jury trial commenced on July 12, 2004. The jury found appellant guilty as charged. By judgment entry filed August 13, 2004, the trial court sentenced appellant to an aggregate term of six years in prison, and classified appellant as a sexually oriented offender.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court erred when it entered a judgment of conviction against the defendant when the evidence was insufficient to sustain the convictions and the convictions were against the manifest weight of the evidence presented."
 II {¶ 5} "The defendant did not receive effective assistance of counsel in violation of the sixth and fourteenth amendments to the united states constitution and section 10, article 1, of the ohio constitution."
 III {¶ 6} "The court erred in ruling that jalen mattingly, then six (6) Years old, was competent to testify, contrary to the ohio rules of evidence 601(A)."
 I {¶ 7} Appellant claims his convictions for rape and gross sexual imposition were against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 8} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 9} Appellant was convicted of rape in violation of R.C.2907.02(A)(1)(b) which states the following:
 {¶ 10} "No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
 {¶ 11} "The other person is less than thirteen years of age, whether or not the offender knows the age of the other person."
 {¶ 12} Appellant was also convicted of gross sexual imposition in violation of R.C. 2907.05(A)(4) which states:
 {¶ 13} "No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 {¶ 14} "The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."
 {¶ 15} Appellant claims the testimony of the victim, age six at the time of trial, was very emotional and created extreme prejudice. He also argues the testimony of the pediatric nurse practitioner, Janet McCleery, and her report of numerous claims of anal intercourse was inconsistent with the evidence. In addition, appellant argues the testimony of Detective Robert Huffman was used to bolster the credibility of the victim's testimony.
 {¶ 16} Our review of the evidence contradicts appellant's arguments. The victim's testimony did not appear to be emotional. The victim recounted numerous incidents of appellant coaching him in masturbation as well as fellatio. T. at 87, 91, 98. He described in detail appellant's ejaculation and what occurred when he masturbated appellant and performed fellatio on him. T. at 87-91, 92-93. He also described anal penetration by appellant. T. at 93-95. The victim testified it felt "yucky" and "hurt." T. at 94.
 {¶ 17} Ms. McCleery and Detective Huffman testified the victim recounted the same activity to them. T. at 208, 244-246. Both witnesses found the victim used age appropriate language, understood his body parts and gave a consistent recount. T. at 195, 198, 243-244. Their respective testimony did not violate the rules of evidence. Ms. McCleery's testimony qualified under Evid.R. 803, and Detective Huffman never stated what the victim had said to him, just that he referred the child for medical assessment. T. at 203, 234. Under State v. Kelly (1994),93 Ohio App. 257, the witnesses' testimony did not violate the dictates of State v. Dever (1992), 64 Ohio St.3d 401, and State v. Boston (1989),46 Ohio St.3d 108.
 {¶ 18} Appellant argues Ms. McCleery's report of numerous incidents of anal intercourse was inconsistent with the evidence as only one healing fissure, a little cut in the skin, was found in the victim's anus. T. at 254. A thorough reading of the complained of testimony reveals Ms. McCleery was testifying to numerous times of sexual abuse, not anal intercourse in particular. T. at 246-247. Further, defense counsel cross-examined Ms. McCleery on the issue of the fissure, its location and the fact that there was only one. T. at 262-266. Appellant testified the child suffered from constipation and diarrhea, suggesting these could have been the cause of the fissure. T. at 324.
 {¶ 19} Based upon a total review of the evidence, we find there was sufficient credible evidence to support the convictions, and no manifest miscarriage of justice.
 {¶ 20} Assignment of Error I is denied.
 II {¶ 21} Appellant claims he was denied the effective assistance of trial counsel. We disagree.
 {¶ 22} The standard this issue must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 23} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976],48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 24} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 25} Appellant argues his trial counsel advanced numerous theories for the allegations in opening statement and had an inconsistent trial strategy. Appellant also argues his trial counsel's cross-examination of Ms. McCleery was deficient.
 {¶ 26} In our reading of defense counsel's opening statement, we find he advanced several theories for the victim's false reporting, but the crux of the theories was that the charges lack specificity and the reporting was delayed. T. at 71-73. During the trial, defense counsel elicited testimony on the theory of retaliation by the victim's mother, as she had sent threatening emails to a woman who was a "social friend" of appellant's during the time she and appellant lived together. T. at 305.
 {¶ 27} As discussed in the previous assignment of error, defense counsel effectively cross-examined Ms. McCleery on the genesis of anal fissures in children, and through appellant's own testimony of the child's history of constipation and diarrhea, attempted to advance a cause for the lone fissure.
 {¶ 28} Upon review, we find no evidence of deficient performance that prejudiced the outcome of the trial.
 {¶ 29} Assignment of Error II is denied.
 III {¶ 30} Appellant claims the trial court erred in finding the victim, a six year old child, was competent to testify. We disagree.
 {¶ 31} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 32} Appellant argues the trial court's voir dire of the victim was insufficient to meet the requirements of Evid.R. 601(A) which states, "Every person is competent to be a witness except: (A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." In particular, appellant argues there was no evidence of the victim's ability to receive facts and relate them truthfully.
 {¶ 33} We disagree with appellant's argument. During the competency hearing, the victim related what he did over the weekend and what happened to a friend when he fell off the bed. T. at 9-11. He understood the difference between the truth and a lie, and knew he would get in trouble if he lied. T. at 11-12, 15. When questioned about television such as the "Disney Channel," the victim understood it was make believe. T. at 14-15. After the conclusion of the questioning, and with no further objection by defense counsel, the trial court found the child competent to testify.
 {¶ 34} From our review of the voir dire, we find the examination was sufficient to establish the child was capable of "receiving just impressions of the facts and transactions" and "relating them truly."
 {¶ 35} Assignment of Error III is denied.
 {¶ 36} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Farmer, J., Boggins, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.