OPINION
{¶ 1} Petitioner Cecil M. Adams appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which denied his petition for post-conviction relief made pursuant to R.C. 2953.21. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE COURT BELOW VIOLATED MR. ADAMS' RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS, AS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTIONS, BY DISMISSING MR. ADAMS' POST-CONVICTION PETITION NOTWITHSTANDING THAT HE PRESENTED SUBSTANTIVE GROUNDS FOR RELIEF SUFFICIENT TO WARRANT AN EVIDENTIARY HEARING UNDER R.C. 2953.21."
 {¶ 3} The record indicates appellant was convicted of eight counts of gross sexual imposition, one count of rape, and one count of sexual battery on March 21, 2002. Appellant appealed his conviction, and this court affirmed it in State v. Adams, Licking App. No. 02-CA-00043, 2002-Ohio-5953. Appellant filed his petition for post-conviction relief on December 21, 2004, and the trial court denied it without an evidentiary hearing on January 28, 2005.
 {¶ 4} The trial court's judgment entry is eleven pages long, and deals with each issue in depth.
 {¶ 5} The petition for post-conviction relief presented six claims: One and Two allege newly discovered evidence; the third, fourth, and fifth allege ineffective assistance of trial counsel; and the sixth claims ineffective assistance of appellate counsel. In addition, appellant filed a supplemental motion to vacate his conviction and set aside the sentence, also alleging newly discovered evidence. The trial court overruled the motion and denied the post-conviction relief petition in the same judgment entry.
 {¶ 6} R.C. 2953.21 states in pertinent part:
 {¶ 7} (A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 {¶ 8} (C) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal."
 {¶ 9} The statute requires the petition be filed within 180 days of the conviction.
 {¶ 10} If a petition presents issues which could not have been raised at trial or upon direct appeal without resorting to evidence outside the record, res judicata does not bar review in a petition for post-conviction relief, State v. Lentz (1994), 70 Ohio St. 3d 527. A petition for post-conviction relief may raise a claim of ineffective assistance of the counsel if it is based upon facts outside the record,State v. Gibson (1980), 69 Ohio App. 2d 91.
 {¶ 11} Appellant's petition was filed outside the statutory time limits, so it is subject to dismissal if he does not demonstrate why he could not have filed a timely petition. This is why the claim of newly discovered evidence is especially significant here.
 {¶ 12} The first claim for relief set forth in the petition alleges newly discovered evidence which would have contradicted the testimony of the child victim. She testified appellant first molested her in March, 1999, after school, when only she and appellant were at home.
 {¶ 13} The newly discovered evidence is an affidavit from the child's babysitter, alleging she had found her day planner for 1999, and the Daytimer indicates the babysitter was with the victim every school day during the month of the March, 1999. Further, the babysitter alleges the entries for the remaining months in the day planner severely limit the possible times and dates the alleged abuse could have occurred.
 {¶ 14} The trial court found three reasons to reject the first claim for relief. First, the court found appellant had failed to show he was unavoidably prevented from discovering the calendar prior to trial. Appellant's petition does not allege there was any effort prior to trial to find any documentation regarding what days the babysitter was with the victim. The court also found the babysitter herself could have been called as a witness to testify without the day planner.
 {¶ 15} The court also found the claim lacked substantive merit, because the newly discovered calendar does not cover the entire time frame of the offenses with such completeness, that it would be convincing evidence exonerating the defendant of all charges. The court noted the victim did not testify the molestation definitely occurred in March, but only said it was in the spring.
 {¶ 16} Finally, the court found appellant's petition did not set forth what specific constitutional right has been violated.
 {¶ 17} The newly discovered evidence set forth in the second claim for relief is testimony the victim had told Bishop Glenn Lamb she had fabricated the allegations against appellant. The trial court found this issue was raised at trial. The trial court quashed a subpoena calling for Bishop Lamb to testify, and this matter was not raised on appeal. The trial court correctly found the claim is now res judicata.
 {¶ 18} Appellant's next three claims allege ineffective assistance of counsel. In Strikcland v. Washington (1984), 466 U.S. 668, the Supreme Court set forth a two-prong test: first, to demonstrate his constitutional rights were violated, the accused must show both that counsel's representation was ineffective by falling below an objective standard of reasonable representation, and must show the ineffective assistance resulted in actual prejudice, that is, there is a reasonable probability that but for counsel's unprofessional errors, the outcome of the case would have been different. Ohio uses the Strickland standard, see, e.g. State v. Bradley (1989), 42 Ohio St. 3d 136.
 {¶ 19} The third claim for relief in the petition alleges trial counsel was ineffective for failing to interview the alleged victim and appellant's wife, and also call appellant's wife as a witness. Appellant claims the victim recanted, but counsel lost the tape recording. The court found there was no evidence trial counsel had lost the tape, and the petition did not demonstrate appellant was unavoidably prevented from discovering the facts upon which he relies. Finally, the court noted appellant's wife did not testify based on the advice of her attorney regarding her Fifth Amendment rights.
 {¶ 20} The court found the wife's affidavit indicated the trial counsel had made arrangements to have the child interviewed by a person with whom the child was comfortable.
 {¶ 21} In the fourth claim for relief, the petition alleges the trial counsel was ineffective for failing to call the victim's minor cousin, who would have testified she herself had made a false accusation of sexual abuse and retaliation against her grandfather always punishing her. The cousin would testify she told the victim about this, and the victim indicated she would like to do that too. The petition alleges after the verdict was returned, the victim approached her cousin outside the courtroom and said "I told you I was a better liar than you are."
 {¶ 22} The trial court found the petition had not demonstrated appellant was prevented from discovering these alleged facts. The court noted at trial, it did not permit the cousin to testify, and appellant could have raised this issue on direct appeal. The court concluded the matter was res judicata.
 {¶ 23} Appellant's fifth claim for relief alleges ineffective assistance of counsel for failure to hire and present expert testimony to challenge the evidence given by the nurse practitioner who examined the victim. The trial court found this matter again was res judicata, and untimely.
 {¶ 24} In his sixth claim for relief, appellant alleged his appellate counsel was ineffective because he did not file a timely petition for post-conviction relief, nor an appeal of our opinion to the Ohio Supreme Court.
 {¶ 25} The trial court found post-conviction proceedings are civil, and there is no constitutional right to counsel in post-conviction proceedings, State v. Crowder (1991), 60 Ohio St. 3d 151. If there is no constitutional right to counsel, then the accused does not have a constitutional right to the effective assistance of counsel, see Statev. Buell (1994), 70 Ohio St. 3d 1211. As to the appeal to the Supreme Court, appellant cannot demonstrate the Court would have accepted the case for review.
 {¶ 26} In his supplemental claim for relief, appellant alleged the victim's mother now says she does not believe the victim's allegations. The court found this supplemental pleading was filed after the state filed its reply, without the required leave of court. The court found appellant had failed to establish how the mother's current opinion of her daughter's allegations, some four years after the fact, would be admissible. The court also noted appellant had failed to cite what constitutional right had been violated. The court found this claim was nothing more than an effort to assert a claim of actual innocence, which is not grounds for post-conviction relief, see, e.g., State v. Bound,
Guernsey Appellate No. 04CA8, 2004-Ohio-7097.
 {¶ 27} The trial court concluded a hearing was unnecessary, and the matter should be dismissed as a matter of law.
 {¶ 28} We find the trial court was correct in its well-reasoned opinion. The assignment of error is overruled.
 {¶ 29} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
Gwin, J., Boggins, P.J., and Edwards, J., concurs separately.