OPINION
{¶ 1} Defendant-appellant Roberto Argueta appeals from the June 1, 2005, and November 17, 2005, Judgment Entries of the Licking County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 12, 2004, the Licking County Grand Jury indicted appellant on one count of rape in violation of R.C.2907.02(A)(1)(b), a felony of the first degree, and one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree. The charges arose from incidents involving the young son of appellant's girlfriend. The indictment alleged that the offenses occurred between June 17, 2000, and April 1, 2003.
 {¶ 3} Subsequently, a jury trial commenced on July 12, 2004. At trial, the victim recounted numerous incidents of appellant coaching him in masturbation as well as fellatio. The victim described in detail appellant's ejaculation and what occurred when he masturbated appellant and performed fellatio on him. The victim also described anal penetration by appellant. The victim testified it felt "yucky" and "hurt." Trial Transcript at 94.
 {¶ 4} At trial, Ms. Janet McCleery, a pediatric nurse practitioner, and Detective Robert Huffman testified that the victim recounted the same activity to them. Both witnesses found the victim used age appropriate language, understood his body parts and gave a consistent recount.
 {¶ 5} The jury found appellant guilty as charged. Pursuant to a Judgment Entry filed August 13, 2004, the trial court sentenced appellant to an aggregate term of six years in prison and classified appellant as a sexually oriented offender.
 {¶ 6} Appellant appealed his conviction and sentence. As memorialized in an Opinion filed on May 31, 2005, in State v.Argueta, Licking App. No. 04CA73, 2005-Ohio-2724, this Court affirmed appellant's conviction and sentence.
 {¶ 7} While the appeal in this Court was pending, appellant, on April 11, 2005, filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence Pursuant to R.C. 2953.21. Appellant, in his motion, alleged that his trial counsel was ineffective in failing to investigate the state's witnesses. Appellant specifically contended that trial counsel was ineffective in failing to impeach the victim's uncle, Wilbur Spearman, who was the first adult the victim had disclosed the allegations of abuse to. With respect to Spearman, appellant alleged as follows:
 {¶ 8} "Mr. Spearman, a state's witness, freely told Matt Sauer, investigator for Post-Conviction counsel, that `kids lie on grown folks', `that he had a friend who this happened to', and that he did not know the petitioner but believed the child wholeheartedly. (see affidavit of Matthew Sauer, paragraph 5, 6, 8, 9) Petitioner was prejudiced because this information could have been used to impeach the uncle on cross examination. Wilbur Spearman was the first adult to which the "victim" in this case disclosed the allegations of abuse." Appellant contended that such information could have been used to impeach Spearman on cross examination.
 {¶ 9} Appellant also argued that his trial counsel was ineffective in failing to interview the victim's mother as to her bias against appellant, who had been unfaithful to her, and with respect to the victim learning about sexual activity by seeing his mother and appellant engaged in sexual activity.
 {¶ 10} Appellant, in his motion before the trial court, also claimed that his trial counsel was ineffective in failing to raise before the jury the issue of appellant's intermittent bouts of impotence due to medications and in failing to investigate an alibi. Appellant contended that he provided his trial counsel with information that he was elsewhere during periods of time in the indictment. Appellant, in his petition, further alleged that his trial counsel was ineffective in spending only five to six hours preparing for trial and in failing to effectively cross-examine the State's witnesses, namely, the victim and Janet McCleery, the nurse practioner.
 {¶ 11} In his petition before the trial court, appellant further asserted that his trial counsel was ineffective in failing to hire and call an expert witness to challenge Janet McCleery's finding that the victim, in August of 2003, had a healed fissure on his anus. Appellant also maintained that his counsel was ineffective in failing to call Dr. Tayla Greathouse as a defense witness. Appellant noted that Dr. Greathouse, in 2001, had examined the victim and found that he had a normal anus. Finally, appellant, in his petition, claimed that he was actually innocent and that imprisoning him was, therefore, cruel and unusual punishment.
 {¶ 12} Pursuant to a Judgment Entry filed on June 1, 2005, the trial court denied appellant's April 11, 2005, petition. Appellant appealed from the trial court's June 1, 2005, Judgment Entry, raising the following assignments of error in Case No. 05-CA-71:
 {¶ 13} "I. THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT'S REQUEST FOR A HEARING REGARDING HIS POST CONVICTION PETITION.
 {¶ 14} "II. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S POST CONVICTION PEITION [sic] WITHOUT MAKING FINDINGS OF FACT OR CONCLUSIONS OF LAW."
 {¶ 15} Thereafter, as memorialized in a Judgment Entry filed on October 21, 2005, this Court remanded the matter to the trial court for findings of fact and conclusions of law. In response, the trial court, on November 17, 2005, filed a Judgment Entry containing findings of fact and conclusions of law. Appellant then appealed from the trial court's November 17, 2005, Judgment Entry, raising the following assignments of error is Case No. 05-CA-126:
 {¶ 16} "I. THE TRIAL COURT ERRED IN FINDING COUNSEL'S PERFORMANCE EFFECTIVE.
 {¶ 17} "II. THE TRIAL COURT ERRED WHEN IT FOUND AS A MATTER OF LAW THAT ALL OF APPELLANT'S CLAIMS WERE BARRED BY RES JUDICATA.
 {¶ 18} "III. THE TRIAL COURT ERRED IN NOT FINDING THAT THE APPEALLANT'S ACTUAL INNOCENCE IS A CONSTITUTIONAL VIOLATION."
 {¶ 19} The two cases were consolidated for purposes of oral argument only. {¶ 20} For purposes of judicial economy, we shall address appellant's assignments of error out of sequence.
 Second Assignment of Error Case 05-CA-126 {¶ 21} Appellant, in his second assignment of error in Case No. 05-CA-126, argues that the trial court erred when it held that all of appellant's claims[1] were barred by the doctrine of res judicata. We agree in part.
 {¶ 22} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. State v.Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233, 1996-Ohio-337, syllabus, approving and following State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. It is well-settled that, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post conviction relief if he or she could have raised the issue on direct appeal."State v. Reynolds, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131,1997-Ohio-304. Accordingly, "[t]o survive preclusion by res judicata, a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." State v. Nemchik (Mar. 8, 2000), Lorain App. No. 98CA007279, 2000 WL 254908 unreported, at 1; see, also, State v. Ferko 2001-Ohio-1402, 2001 WL 1162835
unreported, at 2.
 {¶ 23} Appellant, in the second claim for relief in his petition before the trial court, argued, in part, that his trial counsel was ineffective in failing to properly cross-examine the victim and Janet McCleery, the nurse practioner. The trial court, in its Judgment Entry denying appellant's petition, held, in part, that such claim was barred by the doctrine of res judicata. We agree. As to his claim that trial counsel was ineffective in his cross-examination of McCleery, we note that appellant raised this exact claim in his direct appeal to this Court.[2] We, therefore, agree with the trial court's determination that appellant is barred by the doctrine of res judicata from raising this issue again in his petition for post-conviction relief. We further find that appellant could have raised the issue of his counsel's allegedly deficient cross-examination of the victim in this case on direct appeal and that, therefore, such claim is barred by the doctrine of res judicata.
 {¶ 24} Appellant, in his third claim for relief in his petition, argued that his trial counsel was ineffective in failing to hire and present an expert to challenge the testimony of Janet McCleery, the nurse practioner, with respect to the anal fissure. The trial court, in its November 17, 2005, Judgment Entry, found, in part, that such claim was barred by the doctrine of res judicata. We disagree. Appellant's ineffective assistance claim based on his attorney's failure to hire an expert required the presentation of evidence outside the trial record. See Statev. Jenkins, Miami App. No. 2003-CA-1, 2003-Ohio-4428. As noted by the court in Jenkins, review of such issue would require evidence regarding why trial counsel did not call such an expert and what the expert would have told the jury. In short, it would be necessary for appellant to present evidence de hors the record to establish his claim. For such reason, appellant's third claim for relief is not barred by the doctrine of res judicata.
 {¶ 25} In his fourth claim for relief in his petition, appellant contended that his trial counsel was ineffective in failing to call Dr. Tayla Greathouse as a defense witness. As is stated above, appellant, in his petition, noted that Dr. Greathouse had examined the victim in 2001 and found that he had a normal anus. Appellant, in his petition, alleged that this raised reasonable doubt "at least from June 17, 2000, until August, 2001, when the child was examined." As with appellant's third claim for relief, we find that review of such issue would require presentation of evidence de hors the record. We find, therefore, that the trial court erred in holding that appellant's fourth claim for relief was barred by the doctrine of res judicata.
 {¶ 26} Appellant, in his first claim for relief in his petition, contended that his trial counsel was ineffective in failing to investigate the State's witnesses, namely, Wilbur Spearman and Jackie Mattingly, the victim's mother. With respect to the latter, appellant contends that an investigation would have disclosed Mattingly's bias against appellant, who was unfaithful to her, and would have disclosed that the victim had walked in on Mattingly and appellant engaged in sexual activity and may have learned about sexual acts in such manner. However, at trial, Mattingly testified that the victim walked in on her engaging in sexual relations with appellant "a couple of times." Transcript at 153. In addition, testimony was adduced at trial from Mattingly, Detective Huffman and others concerning Mattingly's anger and displeasure over appellant's affairs with other women. We find, therefore, that such issue is barred by the doctrine of res judicata since it could have been raised on direct appeal. We further find that since Wilbur Spearman, the victims uncle, was called as a witness at trial, any failure to properly cross-examine him as to bias could have been raised at direct appeal. Furthermore, even assuming, arguendo, that such issue could not have been raised on direct appeal because Spearman's statement was made after trial, we find that had that statement been made known to the jury, the outcome of the trial would not have been affected. That statement would not have influenced the jury beyond how they were influenced by knowing that Spearman was the victim's uncle.
 {¶ 27} Likewise, while appellant, in his first claim for relief, also argued that his trial counsel was ineffective in failing to raise the issue of appellant's intermittent bouts of impotence, appellant testified at trial that the drugs he took sometimes made him impotent. Thus, appellant's impotency was raised on direct appeal and appellant is now barred by the doctrine of res judicata from raising such issue again.
 {¶ 28} In his first claim for relief, appellant further maintained that his trial counsel was ineffective in failing to spend sufficient time preparing for appellant's trial. Appellant, in support of such allegation, attached an affidavit from his defense counsel to his petition. In such affidavit, appellant's defense counsel stated that he spent a total of between five and six hours preparing for appellant's trial. Clearly, the amount of time that appellant's counsel spent preparing for trial was not on the record and could not, therefore, have been raised on direct appeal. We find, therefore, that the trial court erred in finding that such argument was barred by the doctrine of res judicata.
 {¶ 29} Based on the foregoing, appellant's second assignment of error in Case No. 05-CA-126 is overruled in part and sustained in part.[3]
 First Assignment Case No. 05-CA-126, First Assignment Case No. 05-CA-71 {¶ 30} Appellant, in his first assignment of error in Case No. 05-CA-126, argues that the trial court erred in finding trial counsel's performance effective. In his first assignment of error in Case No. 05-CA-71, appellant further argues that the trial court erred in denying appellant's request for a hearing on his petition.
 {¶ 31} R.C. 2953.21 does not expressly mandate a hearing for every post-conviction relief petition; therefore, a hearing is not automatically required. In determining whether a hearing is required, the Ohio Supreme Court has stated the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavits and the files and records of the case. State v.Jackson (1980), 64 Ohio St.2d 107, 413 N.E.2d 819. The Supreme Court explained in Jackson, supra, "[b]road assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction relief petitions." Id. at 111. Rather, a petitioner must submit evidentiary documents containing sufficient operative facts to support his claim before an evidentiary hearing will be granted. Id.
 {¶ 32} We shall address the propriety of the trial court's decision not to conduct an evidentiary hearing relative to each of appellant's claims that were either not previously discussed, or as discussed above, were not barred by the doctrine of res judicata. However, we must first address appellant's claim of ineffective assistance of counsel.
 {¶ 33} The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064,80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Id. at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id. In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 142.
 {¶ 34} Although not discussed above, appellant, in his first claim for relief, argued that his trial counsel was ineffective in failing to file a notice of alibi. Appellant contends that he provided trial counsel with evidence that he was out of the State for "considerable periods of time alleged in the indictment."
 {¶ 35} However, we concur with the trial court that counsel was not ineffective in failing to file a notice of alibi. As noted by the trial court in its decision, the indictment covered a period of time from June 17, 2000 to April 1, 2003. Appellant, in the affidavit attached to his petition, stated, in relevant part, as follows:
 {¶ 36} "5. Affiant states that at various times between 2000 and 2003 he would be sent on assignment with the Army.
 {¶ 37} "6. Affiant states that he was at Fort Bragg from December 11-15, 2000.
 {¶ 38} "7. Affiant states that he was at Aberdeen, Maryland from February 26, 2001 to May 18, 2001
 {¶ 39} "8. Affiant states he was in Indianapolis, Indiana on August 13-17, 2001
 {¶ 40} "9. Affiant states that he was at Fort Bragg, North Carolina, for six days starting November 10, 2002
 {¶ 41} "10. Affiant states that he was at Tobyhanna Army Depot, Pennsylvania for six days staring [sic]
 {¶ 42} "11. Affiant states that he was at Camp Dawson, West Virginia for four days starting January 21, 2003
 {¶ 43} "12. Affiant states he was at Fort Knox, Kentucky for two days starting Febrauay [sic] Fifth, 2003
 {¶ 44} "13. Affiant states that, as part of Operation Enduring Freedom, he was at Fort Bragg, North Carolina for forty three days starting March 3, 2003."
 {¶ 45} As noted by the trial court in its decision, the affidavit "refers to covered short periods of time between December 2000 and March 4, 2003, clearly not an alibi to the charges as those times do not cover the indicted timeframe with such completeness so as to be convincing evidence that would serve to exonerate the defendant."
 {¶ 46} Appellant, in his petition, further contended that his trial counsel was ineffective in failing to spend sufficient time preparing for trial and in failing to call an expert to refute the State's medical testimony. Appellant, in support of his assertions, attached an affidavit from his trial counsel in which trial counsel stated in paragraph 14 that he "met with the defendant on July 10, 2004, with two hours to prepare for trial and another three to four hours without his client." As is stated above, in response, the State attached a separate affidavit from appellant's trial counsel in which trial counsel stated, in relevant part, as follows:
 {¶ 47} "3. I was under the assumption that Paragraph 14 of the other affidavit referred to the week of trial. I should have been more careful.
 {¶ 48} "4. I met with my client on at least eight occasions during the course of this case and spent at least 50 hours on the case overall."
 {¶ 49} Appellant, in support of his contention that trial counsel was ineffective in failing to call an expert, attached an affidavit from Stephanie Gussler, a defense counsel and former prosecuting attorney. Gussler, in her affidavit, stated, in relevant part, as follows:
 {¶ 50} "20. While it is true that the State may prosecute a child sex abuse case with out medical evidence, it is equally true and obvious that physical findings corroborative of the allegations certainly bolster the State's case. In this case, Janet McCleery performed a physical examination of the child, and concluded that a small anal fissure, or scar, existed at the eleven o'clock position. Colposcope photographs were taken of the alleged injury. This finding becomes that cornerstone of the State's case.
 {¶ 51} "21. Defense counsel was ineffective in failing to consult with a medical expert regarding this finding . . .
 {¶ 52} "22. Defense counsel was ineffective in that he did not consult with an expert in the field of psychology, psychiatry or social work with respect to child development, recall, fantasy, ability or lack thereof to fabricate, retaliate and at what age, etc. Both Janet McClerry and Detective Robert Huffman advanced sweeping assumptions regarding children, five year olds in particular being capable or incapable or various things and this testimony unabashedly bolstered the credibility of the child . . ."
 {¶ 53} Based on the two contradictory affidavits from appellant's trial counsel and the affidavit from Stephanie Gussler, we find that the trial erred in failing to hold a hearing on appellant's petition with respect to appellant's allegations that trial counsel was ineffective in failing to spend sufficient time preparing for trial and in failing to call an expert.
 {¶ 54} Appellant's first assignment of error in Case No. 05-CA-126 and first assignment of error in Case No. 05-CA-71 are, therefore, overruled in part and sustained in part.
 Second Assignment of Error Case 05-CA-71 {¶ 55} Appellant, in his second assignment of error in Case No. 05-CA-71, argues that the trial court erred when it denied appellant's petition without making findings of fact or conclusions of law.
 {¶ 56} Pursuant to a Judgment Entry filed on January 23, 2006, this Court granted appellant permission to supplement the record with the Findings of Fact and Conclusions of Law that were prepared by the trial court after the Notice of Appeal was filed in Case No. 05-CA-71. Since the Findings of Fact and Conclusions of Law are, therefore, a part of the record for purposes of appeal, appellant's second assignment of error is moot.
 Third Assignment of Error in Case No. 05-CA-126 {¶ 57} Appellant, in his third assignment of error in Case No. 05-CA-126, alleges that the trial court erred in not finding that appellant's actual innocence is a constitutional violation.
 {¶ 58} However, a claim of actual innocence does not constitute a substantive ground for post-conviction relief.State v. Watson (1998), 126 Ohio App.3d 316, 323,710 N.E.2d 340. See also State v. Bound, Guernsey App. No. 04 CA 8,2004-Ohio-7097.
 {¶ 59} Appellant's third assignment of error in Case No. 05-CA-126 is, therefore, overruled.
 {¶ 60} Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed in part and reversed in part.
By: Edwards, J. Farmer, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is Affirmed, in part, and Reversed, in part. Costs assessed to appellant.
[1] We note that the trial court did not hold that appellant's fifth claim for relief, in which he claimed that he was actually innocent, was barred by the doctrine of res judicata.
[2] Appellant, in his direct appeal, argued that his trial counsel's cross-examination of Ms. McCleery was deficient.
[3] While appellant, in his brief, argues that trial counsel was ineffective in failing to interview Frances Spearman, the victim's aunt, we note that appellant did not raise such issue before the trial court. We, therefore, decline to address it now.