[Cite as *State v. McClellan*, 2018-Ohio-398.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| LEVANDER V. MCCLELLAN | : | Case No. 2017CA00188 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Case No.2016CR0465

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     January 31, 2018

APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney
By:  KRISTINE W. BEARD
Assistant Prosecuting Attorney
110 Central Plaza South, Suite 510
Canton, OH  44702

For Defendant-Appellant

LEVANDER V. McCLENNAN, Pro  Se
Richland Correctional Institution
Inmate No. A684-089
1001 S. Olivesburg Road
Mansfield, OH  44905

*Wise, Earle, J.*

{¶1}  Defendant-Appellant, Levander V. McClellan appeals the September 20, 2017 judgment of the Stark County Court of Common Pleas denying his motion for post-conviction relief. Plaintiff-Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}  The case involved a controlled buy of an ounce of cocaine between appellant and FBI source Cleveland Thomas. On January 29, 2016, Thomas met with agents, was searched, provided with $1,450 in U.S currency to purchase cocaine from appellant, and equipped with audio and video recording devices. Thomas went to appellant's house twice that day. The first time, the crack was not yet ready. The second time, Thomas was again prepared by agents, went to appellant's house and purchased one ounce of cocaine from appellant. Thomas then left and met agents at a designated debriefing location.

{¶3}  After Thomas left appellant's house, he met with the FBI agents; the agents took the cocaine and searched him again. Thomas stated appellant was the man who sold him cocaine that day.

{¶4}  The Stark County Crime Lab examined the cocaine Thomas purchased from appellant and found it to be 27.96 grams of a cocaine mixture.

{¶5}  On April 5, 2016, appellant was indicted on one count of trafficking in cocaine in violation of R.C. 2925.03(A)(1)(C)(4)(f), a felony of the first degree. A jury trial was held on June 28, 2016, and appellant was found guilty as charged. He was subsequently sentenced to nine years incarceration.

{¶6} Appellant appealed his conviction, raising one assignment of error; that his conviction was against the manifest weight and sufficiency of the evidence. We affirmed appellant's conviction and sentence, and the Supreme Court of Ohio denied review. *State v. McClellan* 5th Dist. Stark No. 2016CA00142, 2017-Ohio-4402, appeal not allowed, 150 Ohio St.3d 1454, 2017-Ohio-8136, 83 N.E.3d 939.

{¶7} On August 21, 2017, appellant filed a petition for postconviction relief. On September 20, 2017, the trial court denied the petition. Appellant filed an appeal and the matter is now before this court for consideration.

I

{¶8} "AT TRIAL APPELLANTS (SIC) SIX AND FOURTEENTH AMENDMENTS WERE VIOLATED AND OHIO CONST. 1.10. WERE (SIC) TRIAL COURT DIDN'T REMOVE JUROR NO. 37 FOR CAUSE AND MY ATTORNEY DIDNT (SIC) USE PEREMPTORY CHALLENGE TO EXCUSE."

II

{¶9} "AT TRIAL APPELLANTS (SIC) SIX AND FOURTEENTH AMENDMENT RIGHTS WAS VIOLATED WHEN APPELLANTS (SIC) TRIAL ATTORNY (SIC) FAILED TO OBJECT AND ASK FOR A RACE NEUTERAL (SIC) REASON FOR THE PROSECUTOR USING HER FIRST PEREMPTORY CHALLENGE FOR EXCUSING JUROR NO. 28 A AFRICAN AMERICAN FEMALE."

III

{¶10} "TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO EXAMING (SIC) THE PROSECUTORS FILES AND FAILING TO PRESENT VIDEO EVIDENCE TO THE JURY."

IV

{¶11} "SIX AMENDMENT U.S. CONSTITUTION; SECTION 10, ARTICLE 1 OHIO CONSTITUTION WAS VIOLATED. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE AND DETERMINE A POSSIBLE DEFENSE AND FAILING TO INTERVIEW WITNESS SARA BURGHY."

I, II

{¶12} Preliminarily, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶13} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶14} This appeal shall be considered in accordance with the aforementioned rules.

{¶15} In his first two assignments of error, appellant states jury selection during his trial was flawed, and thus presumably that the trial court erred in denying his motion for postconviction relief. Specifically, appellant raises a *Batson* challenge, and also argues Juror 37 should have been excused due to prejudices regarding illicit drugs.

{¶16} First, in reviewing a trial court's denial of appellant's petition for postconviction relief, absent a showing of abuse of discretion, we will not overrule the trial court's finding if it is supported by competent and credible evidence. *State v. Bound*, 5th Dist. Guernsey No. 04CA8, 2004-Ohio-7097 ¶ 19.

{¶17} Next, appellant's jury selection arguments are barred under the doctrine of res judicata. This information was available to appellant at the time of his direct appeal. The doctrine of res judicata is applicable to petitions for postconviction relief. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraphs eight and nine of the syllabus. The *Perry* court explained the doctrine at 180-181:

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

{¶18} Appellant was represented by counsel and could have raised his jury selection arguments in his direct appeal. The trial court therefore properly rejected appellant's jury selection arguments. Accordingly, appellant's first and second assignments of error are overruled.

III, IV

{¶19} Appellant next appears to argue his motion for postconviction relief should have been granted because his trial counsel was ineffective. Specifically, appellant alleges counsel rendered ineffective assistance by failing to call Sara Burghy to testify. Appellant further alleges that more video of Thomas' visits to appellant's home exist than was shown at trial and that if counsel had shown all the videos to the jury, the outcome of his trial would have been different.

{¶20} The standard for ineffective assistance of counsel is set forth in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), certiorari denied 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768. Appellant must establish two criteria. First that counsel's performance fell below an objective standard of reasonable representation and second, that prejudice arises from counsel's performance. *Id.* 142.

{¶21} In other words, appellant must establish "... but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland v. Washington*, 466 U.S. 668, 696, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶22} In reviewing appellant's petition for postconviction relief, we find appellant's petition included no evidence de hors the record to support his allegations of ineffective assistance. The petitioner bears the burden of supporting his claim with evidentiary quality materials. *State v. Massey*, Stark App. No.2001CA00136, 2001-Ohio-1746, *3, citing *State v. Jackson* (1980), 64 Ohio St.2d 107, 413 N.E.2d 819. Appellant did not disclose what Burghy's testimony

would have been, and included no affidavit from Burghy. Appellant further failed to disclose what the alleged videos contained or how they would have changed the outcome of his trial.

{¶23} Appellant's third and fourth assignments of error are therefore overruled.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.